PJS:MJB:all

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMAN SHELTON,** | : | **CIVIL NO. 3:cv-11-1618** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 08/30/2011)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## STATEMENT OF MATERIAL FACTS

Defendants, T. Kane, J. L. Norwood, B. A. Bledsoe, C. Maiorana, D. Young, K. Bahre (identified in the Complaint as "Krista Rear"), J. Dunkelberger, J. Adami, J. Fosnot, F. Perrin, S. Heath, N. Dreese, K. Whittaker, R. Raup, S. Zeiders (identified in the Complaint as "Zelder"), B. Walls, L. Potter, G. Kulago, R. Fisher, H. Moffat (identified in the Complaint as "Moffit"), D. Coombe (identified in the Complaint as "Combe"), and the United States of America, by and through their counsel and pursuant to Local Rule 56.1, hereby submit the

following statement of material undisputed facts in support of their motion for summary judgment.[1]  Plaintiff is advised that pursuant to Local Rule 56.1, all facts set forth in this statement will be deemed admitted unless controverted by Plaintiff with references to the record supporting Plaintiff's position.

## I.   ALLEGATIONS OF THE COMPLAINT.

1.   Plaintiff, Norman Shelton ("Shelton"), a federal prisoner incarcerated in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") sues Defendants Bledsoe, Maiorana, Young, Bahre, Dunkelberger, Adami, Fosnot, Perrin, Heath, Dreese, Whitaker, Raup, Zeiders, Wells, Potter, Kulago, Fisher, Moffat, Coombe and unidentified John Doe defendants in their individual capacities under Bivens.[2]  Compl. (Doc. No. 1) ¶ 1.

2.   Shelton also sues the United States under the Federal Tort Claims Act.[3]  See id.

---

[1] Plaintiff also names "John Doe Corrections Officers" as defendants in this case.

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[3] Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671 et seq.

3.      Finally, Shelton sues the Federal Bureau of Prisons ("BOP") and

Defendants Kane, Norwood, Bledsoe, Young, and Behr in their official

capacities as a class action Eighth Amendment claim pursuant to Fed. R.

Civ. P. 23.  See id.

## A.      General Allegations.

4.      Shelton alleges that Defendants place "hostile" inmates together in cells

and/or recreation cages when there is a serious risk that the "hostile"

inmates will harm each other; use restraints to punish inmates who complain

about such placements; and fail to intervene to prevent harm to inmates

from such cell placements.  See id.

5.      Shelton alleges that he has personally been assaulted "several times" by

cellmates with whom he had a "documented hostile relationship," suffered

injury because staff failed to "react timely" to stop the assaults, and placed

in restraints as punishment for refusing to accept "hostile inmates" as his

cellmates.  See id.

6.      Shelton alleges that conditions within the SMU, including housing inmates

in cells together or placing them in recreation cages together, lead "to an

obvious and pervasive threat of violence."  Id. ¶ 40.

7.      Shelton alleges a cell assignment committee made up of Defendants

Bledsoe, Young, Bahre, Dunkelberger, Adami, Fosnot, Perrin, Heath,

Dreese, and Maiorana in conjunction with correctional officers on each

block made cell block assignments, cell assignments, and recreation cage

assignments.  See id. ¶¶ 42-46.

8.      Shelton alleges that "once settled," inmates would frequently inform staff

about their "enemies" or "groups" or "gangs" which they believe pose a risk

to their safety.  See id. ¶ 50.

9.      Shelton alleges that Defendants knew that if they placed "hostile" inmates

in a cell or recreation cage together, there was a substantial risk that the

inmates would engage in violent conduct that could lead to injury or death.

See id. ¶ 51.

10.      Shelton alleges that Defendants Bledsoe, Young, and Bahre, knew of or

were deliberately indifferent to the policy of USP Lewisburg staff in placing

known hostile inmates together in cells or recreational cages.  See id. ¶¶ 52-

56.

11.      Shelton claims that USP Lewisburg has a policy of not entering cells or

recreation cages to stop inmate-on-inmate assaults until the assault has

stopped.  See id. ¶ 57.

4

12.     Shelton alleges that staff has a practice of placing inmates in restraints as punishment for resisting or refusing a cellmate, in violation of BOP policy. See id. ¶ 59.

13.     Shelton alleges that staff applies restraints improperly, causing injury, and making it difficult or impossible for inmates to eat, drink, or use the toilet. See id. ¶ 66.

14.     Shelton alleges that he was placed in restraints on March 9, 2010, April 12, 2010, June 10, 2010, and September 22, 2010 for refusing to accept cell mates who were a "known risk," and that he suffered injuries to his wrists, stomach, and lower back.  See id. ¶¶ 68-75.[4]

   **B.     Allegations regarding the November 26, 2009 incident.**

15.     Shelton alleges that, in 2005 and 2006, he had informed Defendant Heath and unidentified staff that he could not be celled with a gang member and inmates from Washington, D.C. because he was a Muslim, a known target of gangs.  See id. ¶¶ 71, 81-82

---

[4]Plaintiff's counsel has told the undersigned that Shelton is not pursuing an independent Eighth Amendment claim regarding the use of restraints.

5

16.   Shelton claims that Defendant Heath acknowledged Shelton's "separation needs" in a 2009 intake interview when he returned to USP Lewisburg as resident of the SMU.  See id. ¶ 80.

17.   Shelton claims that during this interview he stated that gang members, including the "Bloods" and the "Crips" were hostile to Muslim inmates. See id. ¶ 84.

18.   Shelton claims he was in fight with an inmate on August 30, 2009.  See id. ¶¶ 90-91.

19.   Shelton alleges that on November 25, 2009, the Committee assigned him to cell with inmate Carr, a known "Crips" gang member.  See id. ¶¶ 100-101, 107.

20.   Shelton believes that because of the August 30, 2009 fight, and his alleged request not to be celled with a gang member, this cell assignment was improper.  See id. ¶ 102.

21.    Defendants Raup, Zeiders, and John Doe defendants "forced" Inmate Carr into Shelton's cell despite Shelton's protests and inmate Carr's comments that he would assault Shelton.  See id. ¶¶ 103-109.

22.   Shelton alleges that Defendant Raup deliberately misled Shelton by insisting that Inmate Carr was not a gang member.  See id. ¶ 107.

6

23.   Shelton alleges that the following day, November 26, 2009, Defendants

Fisher, Raup, Kulago, Zeiders, Moffat and Coombe stood outside Shelton's

cell while Shelton was assaulted by Inmate Carr, and did not do anything to

stop the attack.  See id. ¶¶ 110-115.

24.   Shelton alleges he suffered injuries as a result of the attack, and these

defendants did not take him for medical treatment.  See id. ¶¶ 116-117.

**C.     Class action allegations.**

25.   Shelton alleges that all inmates in the SMU at USP Lewisburg are subject to

the alleged policies complained of; i.e., placing "hostile inmates" together in

cells or recreation cages, enforcing cell assignments through the use of

punitive restraints and failing to intervene to stop an inmate-on-inmate

assault until the assault ends.  See id. ¶ 119.

26.   Shelton alleges that the following defendants had knowledge of the above-

described conditions of confinement:  Defendants Kane, Norwood, Bledsoe,

Young, and Behr, based on their positions and inmate grievances.  See id. ¶

125.

27.   Shelton believes Defendants Bledsoe, Norwood, and Kane should know of

the conditions of confinement at USP Lewisburg based on Shelton's belief

that "hundreds" of grievances have been filed in the last three years.  See id.
¶¶ 126-127.

28.    Shelton believes Bledsoe, Young, and Bahre should know of the alleged
       problems with inmate placement based on their positions on the
       "Committee."  See id. ¶ 130.

29.    Shelton also believes Defendants Bledsoe has knowledge of the reason why
       an inmate is placed in restraints and Defendant Norwood is given notice
       when an inmate is placed in restraints for longer than eight (8) hours.

## II.    FACTS REGARDING SHELTON'S FTCA NEGLIGENCE CLAIMS

30.    With regard to his FTCA negligence claims, the BOP has an administrative
       tort claim procedure through which any person, including an inmate or an
       executor, administrator or guardian can seek compensation from the United
       States for personal injury, wrongful death, or damage to, or loss of property.
       28 C.F.R. § 543.31.

31.    A review of USP Lewisburg administrative tort claim records from January,
       2009, through the present reveals that Shelton did not file an administrative
       tort claim regarding the November 26, 2009 incident.  See Declaration of

Mike Romano (Ex. 1) ¶ 4; Summaries, BOP administrative tort claim

database (Att. A. to Romano Decl. (Ex. 1)).[5]

## III.  FACTS REGARDING SHELTON'S EIGHTH AMENDMENT CLAIMS.

32.  Defendant Kane does not maintain a place of business or residence in the

Commonwealth of Pennsylvania.  See Romano Decl. (Ex. 1) ¶ 5.

33.  A Form 583 Report of Incident (Att. B to Romano Decl. (Ex. 1)) describes

the following incident involving Shelton on November 26, 2009, as follows:

> On November 26, 2009, at approximately 7:13 am, . . .
> while inmate Shelton was handing out food trays from
> the breakfast meal, inmate Carr assaulted him by striking
> him with closed fists to the head and torso.  Upon the
> arrival of responding staff both inmates submitted to
> hand restraints and were escorted from the cell without
> further incident.  Both inmates were medically assessed.
> Inmate Shelton was found to have sustained tenderness
> to his left ribs and left hand.  Inmate Carr was found to
> have sustained no injuries.  No staff injuries were
> reported.

Report of Incident (Att. B. to Romano Decl. (Ex. 1)) at 2-3.  In a

memorandum, Defendant Fisher stated that on the morning of November 26,

2009, he was on the second floor of G block assisting with the collection of

food trays, when staff attempting to collect the food trays from Cell 211

---

[5] None of the Administrative Tort Claims filed by Shelton during this period have an Incident Date on or about November 26, 2009.

activated their body alarm due to a cell fight.  See id. at 4. Defendant Fisher

stated that he went to the front of th range and disengaged the dead bolt lock

for that side of the range.  See id.  He then went to the cell, and staff

restrained and removed both Shelton and Carr without further incident.  See

id.

34.   The daily assignment roster reflects Officer Moffat was off on November

26, 2009; and Officer Coombe was assigned to Tower No. 7 and was not

even inside the institution where the incident occurred.  See Daily

Assignment Roster (Att. FF to Romano Decl. (Ex. 1 (motion to seal

pending)).[6]

35.   John Dunkelberger, is currently employed as the Case Management

Coordinator at USP Lewisburg.  See Declaration of John Dunkelberger (Ex.

2) ¶ 2.

36.   The Job Description for the Case Management Coordinator is submitted as

Att. C to the Romano Decl. (Ex. 1).

---

[6] The Daily Assignment Roster is being filed under seal, as information
contained therein is protected by the law enforcement privilege, and disclosure of
that information could jeopardize the safety of inmates, staff, the institution and
the community.

37.   Case Management Coordinator Dunkelberger declares that the BOP
      monitors and controls the transfer, temporary release, and community
      activities of certain inmates who present special needs for management.  See
      Dunkelberger Decl. (Ex. 2) ¶ 2.

38.   Such inmates are known as Central Inmate Monitoring Cases ("CIM") and
      require a higher level of review for transfers, temporary releases, or
      community activities.  See id.

39.   This monitoring is done to provide protection to all concerned and to
      contribute to the safe and orderly operation of the federal institutions.  See
      id.

40.   CIM categories include "Separation," which includes inmates who may not
      be confined in the same institution (unless the institution has the ability to
      prevent any physical contact between the separatees).  See id.

41.   Factors to be considered in categorizing an inmate as a Separation include,
      but are not limited to:  testimony by or about an individual provided in
      court, whether the inmate has exhibited aggressive or intimidating behavior
      towards other specific individuals in the community or institution, and
      whether inmates have cooperated with the authorities in providing
      information about illegal activities of other individuals.  See id.

42. An inmate may be classified as a CIM inmate at any time by a community

   corrections manager or by appropriate staff in the BOP Central Office,

   regional offices or institutions.  See id.

43. Periodic reviews of CIM assignments occur at program review.  See id.

44. When staff believe that removal or modification of a CIM assignment is

   appropriate, the institution's Case Management Coordinator (CMC) and

   appropriate reviewing authority must be notified.  See id.

45. An inmate may appeal the placement in a CIM category by utilizing the

   administrative remedy process.  See id.

46. BOP policies and procedures regarding CIM assignments are set forth in

   BOP Program Statement 5180.05, Central Inmate Monitoring System (Att.

   A to Dunkelberger Decl. (Ex. 2).)

47. Prior to an inmate's arrival at USP Lewisburg, the Case Management

   Coordinator is provided a Security and Designation Data packet which

   includes a list of other inmates he is separated from.  See Dunkelberger

   Decl. (Ex. 2) ¶ 3.

48. Shelton's Security and Designation Data packet was provided on or about

   July 1, 2009, and was reviewed by Case Management Coordinator

12

Dunkelberger.  See id.; Security Designation Data packet (Att. B to

Dunkelberger Decl. (Ex. 2, motion to seal pending)).[7]

49.    It was noted on the first page of Shelton's Security and Designation Data

packet, after reviewing the packet, that there were no CIMS concerns.  See

id. at 1.

50.    Unit Manager Adami is the only Defendant involved in Shelton's cell

assignments.  See Job Description, Unit Manager (Att. D to Romano Decl.

(Ex. 1)).

51.    Defendant Adami was Shelton's Unit Manager from August 27, 2009

through September 17, 2009.  See BOP SENTRY Report, Inmate History

Quarters (Att. E to Romano Decl. (Ex. 1)) at 1.

52.    The other defendants were not involved in Shelton's cell assignments at the

time.  See Position descriptions for staff (Atts. F-N to Romano Decl. (Ex.

1)).

53.    After the November 26, 2009 incident, Shelton was medically assessed, and

found to have only muscle tenderness.  He complained of no other injuries.

See Incident Search (Att. O to Romano Decl. (Ex. 1)) at 3; Form 583 Report

---

[7]Shelton's CIM security designation is being filed under seal, as information
contained therein is protected by the law enforcement privilege, and disclosure of
that information could jeopardize the safety of Shelton, other inmates, and staff.

of Incident (Att. P to Romano Decl. (Ex. 1)) at 3; BOP Health Services

Record (Att. Q to Romano Decl. (Ex. 1)) at 1; Health Services Restraint

Review Form (Att. R to Romano Decl. (Ex. 1)) at 1-2.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s Michael J. Butler
Michael J. Butler
Assistant United States Attorney
Attorney I.D. No. PA81799
Anita L. Lightner
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Tel: (717)221-4482
Fax: (717)221-2246
Michael.J.Butler@usdoj.gov

Date:   February 24, 2012

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMAN SHELTON,** | : | **CIVIL NO. 3:cv-11-1618** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 08/30/2011)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on February 24, 2012, she served a copy of the attached

## STATEMENT OF MATERIAL FACTS

via the Court's Electronic Case Filing System ("ECF") and that the Addressee(s) listed below are filing users under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Addressee(s):

David John Satnoch
david.stanoch@dechert.com

Francis J. Dermody, III
francis.dermody@dechert.com

Ivy A. Finkenstadt
ivy_finkenstadt@washlaw.org

Jennifer J. Tobin
jtobin@pailp.org

Marybeth Walsh
mwalsh@pailp.org

/s Anita L. Lightner
Anita L. Lightner
Paralegal Specialist