# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORMAN SHELTON,<br><br>      Plaintiff,<br><br>    v.<br><br>THOMAS R. KANE, JOSEPH NORWOOD, BRIAN A. BLEDSOE, CHUCK MAIORANA, KRISTA REAR, J. DUNKELBERGER, JOHN ADAMI, J. FOSNOT, F. PERRIN, S.V. HEATH, NELSON DREESE, CORRECTIONS OFFICERS RAUP, ZELDER, KULAGO, FISHER, MOFFIT, COMBE, JOHN DOE CORRECTIONS OFFICERS, EMT POTTER, AND THE UNITED STATES OF AMERICA<br><br>      Defendants | CIVIL ACTION<br><br>Case No.: 3:11-cv-01618-WJN<br><br>(Judge Nealon) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF THE MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Plaintiff, pursuant to M.D. Pa. L. R. 56.1, submits the following Response to Defendants' Statement of Facts in Support of the Motion to Dismiss or for Summary Judgment[1]:

**I. Allegations of the Complaint**

1. Admitted in Part. Plaintiff also sues Defendants Bledsoe, Young, and Rear (Bahre), in their official capacities. Compl. (Doc. No. 1) ¶ 1.

2. Admitted.

3. Admitted.

**A. General Allegations**

4. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 4 is disputed. See id.

5. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 5 is disputed. See id.

6. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 6 is disputed. Id. at ¶ 40.

---

[1] Plaintiff submits that his Complaint represents his full statement of facts at this stage of proceedings because the discovery process has not begun, and thus there is no record to cite to beyond the exhibits Defendants attached to their Motion to Dismiss and for Summary Judgment (some of which were filed under seal and thus unavailable to Plaintiff).

7. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 7 is disputed.  See id. ¶¶ 42-46.

8. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 8 is disputed. See id. ¶ 50.

9. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 9 is disputed.  See id. ¶ 51.

10. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 10 is disputed.  See id. ¶¶ 52-56.

11. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 11 is disputed.  See id. ¶ 57.

12. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 12 is disputed.  See id. ¶ 59.

13. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 13 is disputed.  See id. ¶ 66.

14. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 14 is disputed. See id. ¶¶ 68-75.

**B.  Allegations regarding the November 26, 2009 incident**

15. Plaintiff states that the Complaint speaks for itself.  The remainder of Paragraph 15 is disputed. See id. ¶¶ 77, 81-82.

16. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 16 is disputed. See id. ¶ 80.

17. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 17 is disputed. See id. ¶ 84.

18. Plaintiff disputes Paragraph 18. Plaintiff states that he was attacked by another inmate on August 30, 2009. See id. ¶¶ 92.

19. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 19 is disputed. See id. ¶¶ 100-101, 107.

20. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 20 is disputed. Plaintiff further responds that this case is still at an early stage, and that his beliefs and understandings in this case will be informed by the discovery process. See id. ¶ 102.

21. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 21 is disputed. See id. ¶¶ 103-109.

22. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 22 is disputed. See id. ¶ 107.

23. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 23 is disputed. See id. ¶¶ 110-115.

24. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 24 is disputed. See id. ¶¶ 116-117.

**C. Class action allegations.**

25. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 25 is disputed. See id. ¶ 119.

26. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 26 is disputed. See id. ¶ 125.

27. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 27 is disputed. Plaintiff further responds that this case is still at an early stage, and that his beliefs and understandings in this case will be informed by the discovery process. See id. ¶¶ 126-127.

28. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 28 is disputed. Plaintiff further responds that this case is still at an early stage, and that his beliefs and understandings in this case will be informed by the discovery process. See id. ¶ 130.

29. Plaintiff states that the Complaint speaks for itself. The remainder of Paragraph 29 is disputed. Plaintiff further responds that this case is still at an early stage, and that his beliefs and understandings in this case will be informed by the discovery process. See id. ¶¶ 128-129.

**II. Facts Regarding Shelton's FTCA Negligence Claims**

30. Admitted

31. Plaintiff disputes the contents of Paragraph 31. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process.

### III. Facts Regarding Shelton's Eighth Amendment Claims

32. Plaintiff disputes Paragraph 32. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff denies the contents of any declaration submitted by Defendants pending completion of the discovery process.

33. Plaintiff states that the incident report speaks for itself. The remainder of Paragraph 33 is disputed. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See Att. B to Romano Decl. (Ex. 1).

34. Plaintiff disputes the allegations in Paragraph 34. The document cited for the propositions contained in Paragraph 34 has been filed under seal, and has remained

under seal to the date of this response. See Motion to Seal Documents and Statement in Support (Docs No. 28 and 29).

35. Plaintiff states the Dunkelberger's statement speaks for itself. The remainder of Paragraph 35 is disputed. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See Declaration of John Dunkelberger (Ex. 2) ¶ 2.

36. Admitted.

37. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 37 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

38. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 38 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the

full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

39. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 39 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

40. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 40 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

41. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 41 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices.

Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

42. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 42 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

43. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 43 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

44. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 44 is disputed. Plaintiff denies that Dunkelberger's statement is a

controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

45. Plaintiff states only that Dunkelberger's statement speaks for itself. The remainder of Paragraph 45 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id.

46. Admitted.

47. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 47 is disputed. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id. at ¶ 3.

48. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 48 is disputed. Plaintiff disputes any allegations based on the cited "Security Designation Data" because this document was filed under seal, and has been unavailable to Plaintiff up to the time of this response. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See Id.; See Motion to Seal Documents and Statement in Support (Docs No. 28 and 29).

49. Plaintiff states that Dunkelberger's statement speaks for itself. The remainder of Paragraph 49 is disputed. Plaintiff disputes any allegations based on the cited "Security Designation Data" because this document was filed under seal, and has been unavailable to Plaintiff up to the time of this response. Plaintiff disputes that Dunkelberger's statement is a controlling statement of the Federal Bureau of Prisons' policies and practices. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery

process. See Declaration of John Dunkelberger (Ex.2) ¶ 3; See Motion to Seal Documents and Statement in Support (Docs No. 28 and 29).

50. Plaintiff disputes Paragraph 50. The "Job Description-Unit Manager" document is not conclusive evidence of any Defendant's involvement, or lack thereof, in the incidents alleged in the Complaint. Plaintiff alleges that Defendants Bledsoe, Young, Rear, Dunkelberger, Adami, Fosnot, Perrin, Heath and Dreese were specifically involved in making Plaintiff's cell assignments. Plaintiff also states that discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. See Compl. ¶¶ 45, 85, 101.

51. Plaintiff states that Romano's statement speaks for itself. Plaintiff disputes the remainder of Paragraph 51. Discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See BOP SENTRY Report, Inmate History Quarters (Att. E to Romano Decl. (Ex. 1)) at 1).

52. Plaintiff disputes Paragraph 52. The "Position descriptions for staff" documents are not conclusive of any Defendant's involvement, or lack thereof, in the incidents alleged in the Complaint. Plaintiff alleges that Defendants Bledsoe,

Young, Rear, Dunkelberger, Adami, Fosnot, Perrin, Heath and Dreese were specifically involved in making Plaintiff's cell assignments. Plaintiff also states that discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. See Compl. ¶¶ 45, 85, 101.

53. Plaintiff disputes Paragraph 53. Plaintiff complained of his injuries immediately following the incident, and was not given sufficient treatment for these injuries. Plaintiff further states that discovery has not yet begun in this case, and therefore Plaintiff does not have the full breadth of information needed to test the claims and allegations contained in this Paragraph. Plaintiff disputes the contents of any declaration submitted by Defendants pending completion of the discovery process. See id. at ¶ 115-116.

                Respectfully Submitted,

                /s/ Francis J. Dermody

                Stephen D. Brown
                Christine C. Levin
                Jennifer L. Burdick
                Francis J. Dermody
                Sean P. McConnell
                Dechert LLP
                Cira Centre
                2929 Arch St.
                Philadelphia, PA 19104
                215-994-4000

Date: March 26, 2012

## **CERTIFICATE OF SERVICE**

I, Francis Dermody, hereby certify that on March 26, 2012, I served a true and correct copy of the foregoing document via the Court's Electronic Case Filing System on the following Attorney of record:

Michael J. Butler
Assistant U.S. Attorney
Michael.J.Butler@usdoj.gov

Respectfully submitted,

/s/ Francis J. Dermody

Francis J. Dermody
Dechert LLP
Cira Centre
2929 Arch St.
Philadelphia, PA 19104
Tel: (215) 994-2438
Fax: (215) 655-2438
E: francis.dermody@dechert.com