PJS:MJB:all

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMAN SHELTON,** | : | **CIVIL NO. 3:cv-11-1618** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 08/30/2011)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

Defendants, Charles E. Samuels, Jr.,[1] J. L. Norwood, B. A. Bledsoe, C.

Maiorana, D. Young, K. Bahre, J. Dunkelberger, J. Adami, J. Fosnot, F. Perrin, S.

Heath, N. Dreese, K. Whittaker, R. Raup, S. Zeiders, B. Walls, L. Potter, G.

Kulago, R. Fisher, H. Moffat, D. Coombe, and the United States of America,

hereby submit this reply brief in support of Defendants' Motion to Dismiss and for

Summary Judgment (Doc. No. 13).  In his response brief (Doc. No. 40), Shelton

provides no explanation for the deficiencies in his Complaint.  He further fails to

provide even a declaration from himself that would oppose the competent

---

[1] In his brief opposing Defendants' dispositive motion, Plaintiff substituted
Charles E. Samuels, Jr., the new Director of the Federal Bureau of Prisons
("BOP"), replacing Thomas R. Kane.

summary judgment evidence produced by Defendants.  Indeed, Shelton has

provided no evidence whatsoever which supports a single one of his allegations or

controverts any of Defendants' stated facts (all of which are properly supported by

citation to the record). Rather, Shelton complains he should be provided an

opportunity to go on a proverbial fishing expedition to conduct discovery of topics

unrelated to Defendants' instant motion.  None of his requests for discovery would

assist him in the ultimate inquiry as to whether there was a sufficient risk to

Shelton's safety by placing him in a cell with a member of the "Crips" gang.  His

claims thus fail.

### I. Reply to Plaintiff's Response to Statement of Material Facts

The Local Rules of this Court provide that the party moving for summary

judgment pursuant to Fed. R. Civ. P. 56 shall file a "separate, short and concise

statement of the material facts, in numbered paragraphs, as to which the moving

party contends there is no genuine issue to be tried."  See M.D. Pa. L.R. 56.1.

Accordingly, in support of their dispositive motion, Defendants set forth the facts

regarding Shelton's allegations, with each stated fact referencing the specific

portion of the record which supports that fact.  See Defendants' Statement of

Material Facts (Doc. No. 30.)

The Local Rules further provide that, "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required" of the moving party.  See id.  Furthermore, the parties' statements of material facts must include references to the parts of the record that support the statements.  See id.  Finally, M.D. Pa. L.R. 56.1 provides, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  Id.

Defendants submit that Shelton's Statement of Material Facts is improper, in that it is more akin to an answer than a counter-statement of material facts. Shelton's response to Paragraphs 1-29 of Defendants' Statement of Material Facts (wherein Defendants recite each allegation of the Complaint) states that "the Complaint speaks for itself," frequently adds that "the remainder" of the paragraph is disputed without further explanation, and occasionally states that the "case will be informed by the discovery process."  See Pl.'s Statement of Facts (Doc. No. 39) ¶¶ 1-29.  In response to the remainder of Defendants' Statement of Material Facts, Shelton, for the most part, simply denies or disputes each stated fact because discovery has not yet been conducted.  See id. ¶¶ 30-53.

3

## II. Reply Argument

A.   **THE COURT SHOULD DISMISS SHELTON'S FTCA CLAIM INVOLVING THE NOVEMBER 26, 2009 ASSAULT BY HIS CELLMATE BECAUSE SHELTON FAILED TO EXHAUST.**

Shelton failed to exhaust his negligence claim against the United States. Shelton's argument that he needs to depose Michael Romano regarding the custody and control of Shelton's grievances or claims lacks merit. Shelton has presented no evidence that he exhausted his administrative remedies. Unless an inmate can produce at least some evidence to support he exhausted, courts have routinely granted summary judgment to the United States for failure to exhaust. To conduct a fishing expedition without any just cause and based on Plaintiff's conclusory allegation would open the floodgates to needless discovery in other prisoner cases. Because Shelton has no evidence of exhaustion, this Court should dismiss his FTCA claim.

B.   **THE COURT SHOULD DISMISS ALL CLAIMS AGAINST DEFENDANT SUMMERS FOR LACK OF PERSONAL JURISDICTION.**

Shelton has substituted BOP Director Charles Summers, Jr. as a defendant and acknowledge that he was appointed recently. Defendant Summers maintains the affirmative defense of Defendant Kane. This Court cannot exercise personal

jurisdiction over him, as he does not have sufficient contacts with Pennsylvania.

Shelton believes that it is the position of BOP Director, and not the person who

holds that position, that should be held to have contacts with the forum

jurisdiction.  Defendant Summers disagrees.  Even if one BOP director had contact

with Pennsylvania at some point, that does not provide sufficient contacts for all

subsequent or prior BOP directors.  Such a finding would defeat the purpose of

personal jurisdiction.  And even if that rule was correct, Shelton has not

established that any BOP director has sufficient contacts with Pennsylvania.[2]

**C.    THE COURT SHOULD DISMISS THE CLAIMS AGAINST DEFENDANTS KANE, BLEDSOE, MAIORANA, YOUNG, BEHR, DUNKELBERGER, FOSNOT, PERRIN, HEATH, DREESE, RAUP, AND MOFFAT BECAUSE SHELTON FAILED TO STATE A CLAIM AGAINST THESE DEFENDANTS.**

Shelton's complaint fails under Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1974, 1969 n.8 (2007) (holding that a complaint must be dismissed pursuant

to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is

plausible on its face." Id. at 1974, 1969 n.8 (rejecting the traditional 12(b)(6)

standard of the "no set of facts" language set forth in Conley v. Gibson, 355 U.S.

---

[2]Shelton additionally argues that he is entitled to depose the current Director of the Federal Bureau of Prisons prior to a ruling on Defendants' dispositive motion in order to determine whether this Court has personal jurisdiction over him, with no explanation of what information could be gleaned from discovery which is not already before the Court.

41 (1957)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombley, 127 S.Ct. at 1965. Twombly applies to all civil cases.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

In keeping with the principles of Twombly, the Supreme Court opined in Iqbal that when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, [they] are not entitled to the assumption of truth."  Id. at 1950.  Next, a court "should assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief."  Id.  The Supreme Court noted that "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id.

In his brief, Shelton states his Complaint contains allegations that he warned prison staff that if placed in a cell with inmate Carr, he would be injured.  See Doc. No. 40 at 10 (citing Compl. ¶¶ 104-109).  A review of his Complaint demonstrates that he made no such allegation in the paragraphs cited.

In addition, he does not allege how the members of the alleged cell assignment committee, Bledsoe, Maiorana, Young, Rear, Dunkleberger, Adami, Fosnot, Perrin, Heath, and Dreese were on notice that Shelton would be injured by inmate Carr.  Moreover, Shelton has not cited to any authority that generally

6

prison staff cannot make particular cell assignments based on gang affiliation.

Conclusory allegations are not enough under <u>Twombly</u>.   Shelton must allege how

each defendant violated his rights; he has not.  Thus, his claim fails.

As to the failure to intervene claims, Shelton contends that Defendants were

outside his cell and did not intervene during his attack.  Contrary to his brief, <u>see</u>

Doc. No. 40 at 11, Shelton does not allege that Defendants had the opportunity to

intervene and did not because they wanted to see Shelton injured.  <u>See</u> <u>Shelton v.</u>

<u>Bledsoe</u>, <u>slip</u> <u>op.</u>, No. 4:11-cv-0368, at 14 (<u>Whitley v. Albers</u>, 475 U.S. 321-22

(1986) (citations omitted)).  His claims thus fail.

## D.    SHELTON CANNOT ESTABLISH THE PERSONAL INVOLVEMENT OF DEFENDANTS,  IN THE DECISION TO PLACE INMATE CARR IN SHELTON'S CELL OR THEIR PRESENCE DURING THE ATTACK.

Without authority, Shelton claims that Defendants cannot rely on their own

job descriptions to support their motion for summary judgment that they were not

involved in cell assignments.  Shelton has an obligation to come forward with

some evidence to refute Defendants' summary judgment evidence.  He did not.

In addition, Shelton's authority that job descriptions are not competent

summary judgment evidence is easily distinguishable.  For example, in <u>Decree v.</u>

<u>UPS, Inc.</u>, 2009 WL 3055382, at *12 (D.J. Sept. 18, 2009), the district denied

summary judgment in an employment discrimination matter.  The <u>Decree</u> court found that the plaintiff's job description determines an employee's essential functions, but a court could also look to the plaintiff's account of her job experience.  Shelton points to no evidence whatsoever that these Defendants were involved with cell assignments.  In formulating his allegations in the Complaint, Shelton should have had some factual support or provided some reason why he raised these allegations.  <u>See</u> <u>generally</u> Fed. R. Civ. P. 11 (b)(3).  He offers no support as to why he grouped these Defendants into a "cell assignment committee," and offers no reason why he should be allowed to depose high-ranking BOP officials to attempt to address unfounded allegations without a shred of supporting evidence.

As to November 26, 2009 attack, Shelton claims that even if the evidence shows that Defendants Fisher and Kulago were the only named Defendants who were present when Inmate Carr assaulted Shelton, the remaining Defendants should be held liable based on some type of personal direction or acquiescence theory that was not raised in the Complaint and not supported by evidence. Shelton should be required to present some evidence that these Defendants were personally involved.  He cannot.  Shelton should also be able to rely on the

judgment of the Court to determine whether Defendants' sealed exhibits support
summary judgment.

### E.   SHELTON CANNOT ESTABLISH AN EIGHTH AMENDMENT VIOLATION.

Shelton must establish that each defendant had actual knowledge that
placing a member of a gang with Shelton would be an excessive risk to Shelton.
Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).  How BOP staff make
decisions on how to place inmates does not help his case.  His request for
discovery does not move the proverbial ball forward.  He must show that each
Defendant had knowledge of a risk.  He provides no support that Defendants were
aware of any risk to Shelton.  Shelton's request for discovery on "prison studies"
has no merit.  He should have reviewed studies prior to filing a complaint, and
should have presented evidence each Defendant was aware of this alleged study.
Simply put, his conclusory allegations that each Defendant should have been
aware that a member of the "Crips" gang was going to injure Shelton cannot
support an Eighth Amendment claim.

As to the November 26, 2009 claims regarding the cell placement, Shelton
incorrectly states that he alleged he complained to staff that inmate Carr was going
to injure him.  Nowhere in the Complaint does Shelton allege that fact, and he

provides no evidence to support it (i.e. a declaration or affidavit).   In addition, although Shelton alleged six staff members were present during his attack, the evidence establishes only two were present.

Shelton's attempt to distinguish <u>Whitley v. Albers</u>, 475 U.S. 321-22 (1986) has no merit.  Shelton, as an inmate, fails to recognize that correctional officers place their safety and lives on the line in many contexts in a prison setting.  To ask that several staff members enter a cell in which two inmates are fighting with one or both inmates potentially having a weapon or with both of them attempting to draw them into the fight so that they could assault a staff member is a risk that staff should not have to take.  Shelton makes no allegation and does not produce evidence that any Defendant had a <u>reasonable</u> opportunity to intervene and refused to do so.  His claims fail.

## F.   <u>DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY</u>

In an attempt to avoid summary judgment, Shelton argues that the Eighth Amendment right to be from deliberate indifference is clearly established.  Doc. No. 40 at 22.  This is not the test, however.  Shelton must show how each Defendant's acts violated a clearly established right.

Whether a right is clearly established is broken up into two prongs.  As stated by the Third Circuit:

"whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness of the action assessed in light of the legal rules that were clearly established' at the time it was taken."  Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818-819 (1982)); see also Pro v. Donatucci, 81 F.3d 1283 (3d Cir.1996).  As such, the qualified immunity analysis breaks down into two issues.  First, to determine whether a right has been "clearly established," the Third Circuit has demanded "some but not precise factual correspondence between relevant precedents and the conduct at issue."  In re City of Phila. Litigation, 49 F.3d 945, 970 (3d Cir.1995) (citing Ryan v. Burlington County, 860 F.2d 1199, 1208-09 (3d Cir.1988) (quotations omitted).

Second, the inquiry of what constitutes "objective legal reasonableness," requires the court to engage in an examination of the information possessed by the individual at the time and how a reasonable official would have reacted with that information. Anderson, 483 U.S. at 641; see also Reitz v. County of Bucks, 125 F.3d 139, 147 (3d Cir.1997) (the court must decide whether under the existing law an officer reasonably could have believed the conduct to have been permissible). The first test presents a purely legal question for the trial court to determine as a matter of law, while the second inquiry requires application of the law to the particular conduct at issue.  Reitz, 125 F.3d at 147.

Ravitch v. City of Philadelphia, Civ. No. 06-3726, 2009 WL 878631, at *12 (3d

Cir. 2009).

Regarding the second prong, the court should look at the entire episode

confronted by the officer and take into account any reasonable mistake made by an

officer.  See Kelly v. Borough of Carlisle, 2009 WL 1230309, at *3 (M.D. Pa.

11

May 4, 2009) (quoting <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995)).  As the Supreme Court has stated, "[t]he qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law."   <u>Hunter v. Bryant</u>, 502 U.S. 224, 229 (1991) (quotations and citations omitted).

Shelton has provided no support for his allegation that placing "hostile" inmates together violates the Eighth Amendment.   Shelton has not and cannot show that any of the Defendants had any prior knowledge that any of his cell mates posed a specific serious threat to his safety and that Defendants deliberately ignored such a threat.  In addition, there is no authority that Defendants must immediately intervene in an inmate fight despite their training to wait for back-up to prevent injury to themselves and others.  No reasonable official would find any of the Defendants' conduct to be illegal, or even unreasonable under the circumstances.

Rather than providing at least a shred of evidence to the contrary, Shelton demands the opportunity to put all of the individual defendants through a lengthy and costly period of discovery in the hopes that some evidence of their personal involvement may be revealed.   Shelton fails to acknowledge that qualified immunity is not only immunity from liability but also from the expense and hassle

12

of discovery and trial.  See Elder v. Holloway, 510 U.S. 510, 514 (1994) (quoting

Harlow, 457 U.S. at 806).  Hence, this Court should reject Shelton's request.

Accordingly, Defendants enjoy qualified immunity from suit.

### III.  Conclusion

For the above-stated reasons and the reasons stated in Defendants' brief in

support of the Motion to Dismiss and for Summary Judgment, this Court should

grant Defendants' motion.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s Michael J. Butler
Michael J. Butler
Assistant United States Attorney
Attorney I.D. No. PA81799
Anita L. Lightner
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA  17108-1754
Tel: (717)221-4482
Fax: (717)221-2246
Michael.J.Butler@usdoj.gov

Date:   April 12, 2012

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORMAN SHELTON,** | : | **CIVIL NO. 3:cv-11-1618** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 08/30/2011)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on April 12, 2012, she served a copy of the attached

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

via the Court's Electronic Case Filing System ("ECF") and that the Addressee(s) listed below are filing users under the ECF system.  Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Addressee(s):

David John Satnoch
david.stanoch@dechert.com

Francis J. Dermody, III
francis.dermody@dechert.com

Ivy A. Finkenstadt
ivy_finkenstadt@washlaw.org

Jennifer J. Tobin
jtobin@pailp.org

Marybeth Walsh
mwalsh@pailp.org

/s Anita L. Lightner
Anita L. Lightner
Paralegal Specialist